Filed 11/14/24  P. v. Lopez CA2/8
Opinion following transfer from Supreme Court
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B306060 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. BA460612 |
| v. | |
| TEODORO LOPEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Henry J. Hall, Judge.  Reversed in part, affirmed in part, and remanded with directions.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jaime L. Fuster, Joseph P. Lee, Stacy Schwartz and Colleen M. Tiedemann, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

In August 2021, appellate courts were divided on the sentencing issue raised by Teodoro Lopez's appeal. We followed *People v. Zaldana* (2019) 43 Cal.App.5th 527 (*Zaldana*) and affirmed Lopez's sentence of 125 years to life for his crimes against his step-granddaughters. After receiving instructions from our Supreme Court, we now vacate our earlier decision in light of *In re Vaquera* (2024) 15 Cal.5th 706 (*Vaquera*) and remand the matter to the trial court for resentencing on two counts. In all other respects, we affirm. Statutory citations are to the Penal Code.

As we recounted before, a jury convicted Lopez of five counts of oral copulation or sexual penetration with a child 10 years old or younger in violation of section 288.7, subdivision (b) (counts 1–5), and two counts of continuous sexual abuse of a child under 14 years old in violation of section 288.5, subdivision (a) (counts 6 and 7).

Lopez's appeal challenged the sentences for the latter two counts. For these counts, the jury found true the allegation that Lopez committed the offenses against more than one victim, within the meaning of section 667.61, subdivisions (b) and (e). The trial court sentenced Lopez under section 667.61—the One Strike law—to consecutive terms of 25 years to life for each count. The court cited section 667.61, subdivision (j)(2), which provides for prison terms of this length where a victim is under age 14.

The One Strike law provides an alternative, harsher sentencing scheme for certain sex crimes committed under specified aggravating circumstances. (*Vaquera, supra*, 15 Cal.5th

at p. 713.)  Depending on the circumstances, the law provides for indeterminate sentences of either 15 years to life or 25 years to life.  (*Ibid.*; § 667.61, subds. (a)–(e).)

Lopez claimed the trial court erred and violated his due process rights in selecting the higher term for counts 6 and 7 because the information identified the penalty as 15 years to life and never mentioned subdivision (j)(2).  We followed *Zaldana* and rejected Lopez's argument.

Lopez successfully petitioned for review.  The Supreme Court deferred further action pending disposition of a related issue in *Vaquera.*

The Supreme Court decided *Vaquera* and disapproved of *Zaldana.*  (See *Vaquera, supra,* 15 Cal.5th at p. 724, fn. 10.)  The Court returned this case to us with directions to vacate our decision and reconsider the cause in light of *Vaquera.*

Lopez filed nothing after this transfer.  The prosecution filed a supplemental brief conceding that *Vaquera* required resentencing on counts 6 and 7, requesting this relief, and making no argument about prejudice.  (See *Vaquera, supra,* 15 Cal.5th at pp. 726–728 [Attorney General has the burden to show a fair notice violation was harmless].)

We accept the prosecution's concession.

The information here had the following One Strike allegation:  "It is further alleged, within the meaning of Penal Code section 667.61 (b)and (e), as to defendant, TEODORO LOPEZ, as to counts 6 and 7 that the following circumstances apply:  'the defendant engaged in the present case or cases committed an offense specified in Section 667.61(c) against more than one victim.' "

In *Vaquera*, our Supreme Court explained a similar allegation as follows: "[S]ubdivision (b) of the One Strike law prescribes a 15-year-to-life sentence for a conviction of one of the offenses listed in subdivision (c) when the jury finds true one of the circumstances specified in subdivision (e). The offense of which [the defendant] was convicted — committing a lewd act in violation of section 288, subdivision (a) — is among the offenses listed in section 667.61, subdivision (c). Subdivision (e)(4) sets out the multiple victim circumstance, which applies when a defendant is convicted in a single case of committing an offense listed in subdivision (c) against multiple victims." (*Vaquera*, *supra*, 15 Cal.5th at p. 714.) The multiple victim circumstance gives rise to a sentence of 15 years to life. (See *id.* at p. 713; § 667.61, subds. (b), (e)(4).)

As in *Vaquera*, the key allegation against Lopez did not provide fair notice that the prosecution sought a sentence of 25 years to life under 667.61, subdivision (j)(2), based on Lopez's victims' ages. The One Strike allegation did not mention this provision; it did not specify a victim was under 14 years old; and it did not "otherwise make clear that the prosecution was seeking a longer sentence based on the victim's age." (See *Vaquera*, *supra*, 15 Cal.5th at pp. 714–715, 720, 723–725.) Nor did the information anywhere identify a possible 25-year sentence for counts 6 and 7.

///

///

///

4

## DISPOSITION

We remand the matter and direct the trial court to strike the 25-year-to-life sentences imposed on counts 6 and 7 and to resentence Lopez.  In all other respects, we affirm the judgment.


                                                    WILEY, J.

We concur:


          STRATTON, P. J.


          GRIMES, J.


5